HARDEMAN & SPARKS, plaintiffs in error, *vs.* WILLIAM BATTERSBY, defendant in error.

1. Where a court of equity would originally have had jurisdiction of the case, the fact that concurrent jurisdiction has been given to the common law courts, does not deprive it thereof; and where courts have concurrent jurisdiction, that first taking will retain it.
2. Where a warehouseman's receipt for cotton was lost or destroyed, a court of equity has jurisdiction of a bill filed for the recovery of the cotton, containing therein an offer of bond and security to indemnify the warehouseman from any subsequent liability on such receipt.
3. Especially should a demurrer to such a bill be overruled, where it appears that if the same be dismissed the remedy of complainant at law would be barred by the statute of limitations.

Equity. Jurisdiction. Warehousemen. Statute of limitations. Before Judge HILL. Bibb Superior Court. October Term, 1873.

For the facts of this case, see the decision.

Hardeman & Sparks *vs.* Battersby.

R. F. LYON, for plaintiffs in error.

LANIER & ANDERSON, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant, as the surviving co-partner of the firm of William Battersby & Company, against defendants, in which the complainant alleges that in May, 1864, Battersby & Company placed in the hands of one North certain cotton receipts given by the defendants, as warehouse-men, to have the cotton specified therein shipped to them at Savannah, the cotton being the property of complainant; that North died without having removed or disposed of thirty bales of said cotton; that complainant is unable to find defendants' receipts for the cotton among the papers of North, after a careful search; that the same were lost, destroyed or misplaced whilst in the possession of North, and cannot be found; that complainant has demanded the cotton of defendants, which they said they would deliver on the production of their receipts, complainant then and there offering to indemnify them from liability to any other person or persons on said cotton receipts, as he was unable to produce them, said receipts having been lost, destroyed or misplaced, as before stated. The defendants refused to deliver the cotton. The complainant prays that defendants may be decreed to account to him for the value of the cotton, after allowing them all proper charges and expenses for and on account of the storage of said cotton, upon his giving bond and security as heretofore offered by him.

Such are substantially the allegations in complainant's bill, which was filed in the clerk's office on the 19th of October, 1867, and was pending in court without any demurrer thereto, until the 23d of January, 1874, when the complainant amended his bill, at which term of the court the case came on for trial. The defendants then demurred to the complainant's bill on the ground that there was no equity in it, inas-

much as the complainant had an adequate and complete remedy at common law. The court overruled the demurrer, and the defendants excepted.

1. The receipts for the cotton were not given by the defendants to the complainant, and we infer from the description given in .the complainant's bill of the marks upon the several bales, that the receipts were given and delivered by the defendants to the planter, or to the parties who originally stored the cotton in their warehouse. In *Patten vs. Boggs,* 43 *Georgia Reports,* 167, it was held that where a warehouseman was sued in trover by one who claimed to be the assignee of his receipt for a number of bales of cotton, that it was not sufficient evidence of a conversion to show that the defendant refused to deliver the cotton to the claimant until the receipt was produced, or good security given to indemnify the warehouseman. .

2. The point decided in that case, as applicable to the case now before us is, that the defendants, as warehousemen, are entitled to be indemnified before they can be required to deliver the cotton to the plaintiff, or to account to him for its value. Before the adoption of the Code allowing the common law courts to mould verdicts as verdicts and decrees are rendered and framed in equity proceedings, there can be no doubt, we think, that a court of equity would have had jurisdiction of the case as made by the complainant's bill, for the reason that the remedy in the common law court would not have been adequate to have decreed indemnity for the protection of defendants against their liability on their receipts. Inasmuch as a court of equity would originally have had jurisdiction of the case, the fact that concurrent jurisdiction has been given to the common law courts does not deprive a court of equity of the jurisdiction which it originally had; and when a court of equity and a common law court have concurrent jurisdiction, the court first taking will retain it: Code, section 3096.

3. The court of equity in this case having first taken jurisdiction of it, the demurrer was properly overruled, the

more especially if the complainant's bill had been dismissed for want of jurisdiction, his remedy in the common law court might have been barred by the statute of limitations.

Let the judgment of the court below be affirmed.