73395. INTERNATIONAL IMAGES, INC. et al. v. SMITH.
(352 SE2d 846)

SOGNIER, Judge.

This is the second appearance of these parties before this court. *International Images v. Smith*, 171 Ga. App. 172 (318 SE2d 711) (1984), involved a jury award of $300 to Ray Smith in rent against International Images, Inc. and The Great Inland Ship Company (the corporations) for their use of Smith's shed to store materials. On May 3, 1984, we affirmed the judgment of the State Court of Hall County entered on that jury verdict; on May 9, 1984, the corporations tendered the amount of the judgment plus interest to Smith and requested return of the stored property. Smith refused the tender, and

demanded rent for the period during which the appeal of the state court judgment had been pending. The corporations filed an action for declaratory judgment in the Superior Court of Hall County to determine whether, in order to reclaim their property, they were obligated to pay rent for the months the property was in Smith's shed while the state court judgment was on appeal. The Superior Court determined that the corporations could recover their property only upon payment of all rent accrued during the appeal period, and the corporations now appeal.

Appellants contend the superior court erred by determining that rent was due for the months in which the state court judgment was on appeal because the appeal acted as a supersedeas. In *Intl. Images*, supra, we held that appellee was a bailee for hire. As a bailee, appellee was entitled to retain possession of appellants' property until a proper demand with indicia of ownership and an offer to pay rental charges was made. Id. at 174 (1). Appellants argue that OCGA § 5-6-46 (a) provides that in civil cases the notice of appeal shall serve as supersedeas, and thus relieves them of any obligation to pay the rent accrued during the pendency of the appeal proceedings. We do not agree.

" 'The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, *such as are based upon and relate to the carrying into effect of that judgment.*' [Cits.] 'Under this rule the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment, such as issuing an execution based thereon.' [Cits.]" (Emphasis supplied.) *Tanner v. Wilson*, 184 Ga. 628, 633-634 (192 SE 425) (1937). The accrual of rent for the shed in which appellants' property was stored was not based upon or related to the carrying into effect of the judgment on appeal, and therefore was not prohibited by the supersedeas. The record contains sufficient evidence to support the trial court's finding that no demand and tender of rent was made by appellants for the property stored in appellee's shed until May 9, 1984 so that the bailment continued until that date. It follows that the trial court did not err by conditioning the return of appellants' property upon the payment of rent accrued during appeal.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 16, 1987.

*Lawrence C. Chrietzberg*, for appellants.
*Jack C. Bell*, for appellee.