A08A0293. IN RE ESTATE OF SANDS-KADEL.
(665 SE2d 46)

RUFFIN, Presiding Judge.

Richard C. Kadel IV ("Kadel") appeals from an order of the Probate Court of Rockdale County appointing William Edward Sands III ("Sands") as permanent administrator of the estate of Alinda Luann Sands-Kadel (the "decedent").[1] We find no error, and affirm.

The decedent died on March 12, 2007 from injuries sustained in an automobile accident. She was survived by her 14-year-old son and her parents. On April 24, 2007, Kadel — who is the decedent's ex-husband and father of her son — filed a petition for letters of administration requesting that he be appointed administrator of the decedent's estate. On May 2, 2007, Sands, the decedent's father, also filed a petition for letters of administration requesting that he be

---

[1] Kadel filed his notice of appeal in the Supreme Court of Georgia. The Supreme Court transferred the case to our Court, concluding that because "the decedent died intestate and therefore the case does not 'involve a will,' " the case is outside its jurisdiction.

appointed administrator. On May 3, 2007, Sands filed an objection to the appointment of Kadel as administrator, citing Kadel's personal financial difficulties, including filing for bankruptcy and his entry of guilty pleas on two separate occasions to charges of abandonment of a dependent child for failure to pay child support to the decedent. Judge Brown of the Probate Court of Rockdale County set a hearing in the case and appointed a guardian ad litem to represent the interest of the decedent's son. Kadel subsequently moved for Judge Brown to recuse, asserting that she had assisted Sands in filling out his petition for letters of administration and had notarized it, which Kadel's attorney characterized as "ex parte communications." Judge Brown voluntarily recused, and the case was assigned to another judge.

Kadel filed a jury trial demand on May 30, 2007. The scheduled hearing on the appointment of an administrator was held on May 31, 2007. The trial court denied the jury trial demand as outside the statutory time limits, made written findings of fact and conclusions of law, and appointed Sands as the permanent administrator of decedent's estate. On appeal, Kadel argues: that Judge Brown erred in appointing a guardian ad litem when she "knew she should have recused herself from the case prior to taking an action"; that the trial court erred in denying his jury trial request; and that Judge Brown erred in deciding the motion for recusal and in appointing another judge to hear the case. We disagree.

1. Kadel argues that, because Judge Brown should have recused from the case, any actions taken by her before her recusal, including the appointment of a guardian ad litem, "are invalid and of no effect." Assuming for purposes of argument that Judge Brown did assist Sands in completing his petition and that this was sufficient to warrant recusal,[2] we nonetheless find no basis to invalidate her order appointing a guardian ad litem. Significantly, the cases Kadel cites do not support his contention. In *Gillis v. City of Waycross*,[3] we held that actions taken by a judge after a recusal motion has been filed are invalid. Here, the probate court judge appointed the guardian ad litem before the recusal motion was filed. And to the extent *Butler v. Bivin Software*[4] suggests that all actions taken by a judge who should

---

[2] The grounds for recusal given in the supporting affidavit are that "the [p]etition appeared to be filled out and notarized by [Judge] Brown" and that "[u]pon information and belief, Judge Brown has also had ex parte communications with . . . Sands." Sands's petition, however, was notarized on March 16, 2007, well before Kadel filed his petition for letters of administration. And Kadel does not allege how these actions would have resulted in Judge Brown's bias. See *In re Estate of Robertson*, 271 Ga. App. 785, 789-790 (5) (611 SE2d 680) (2005).

[3] 247 Ga. App. 119 (543 SE2d 423) (2000).

[4] 222 Ga. App. 88 (473 SE2d 168) (1996) (physical precedent only).

be recused are invalid, this case is physical precedent only and not binding. None of the cases involved the appointment of a guardian ad litem, which does not affect the merits of the case, but merely serves to protect the interests of a minor child.

In the present factual situation, where relatives of the decedent are contesting the appointment of an administrator and the only heir is a minor child, the appointment of a guardian ad litem — by definition a disinterested party — to protect the minor child's interests was both necessary and appropriate.[5] Moreover, Kadel does not argue that the guardian ad litem, an attorney, was in any way biased or otherwise improperly appointed. Accordingly, we find that the trial court did not err in refusing to declare the order appointing a guardian ad litem void.[6] Kadel also argues that the probate judge lacked the authority to select an administrator other than the minor child's guardian. But this argument is beyond the scope of the error as enumerated and thus we do not address it.[7]

2. Kadel next asserts that the trial court erred in denying his demand for a jury trial. In probate court, a party must make a jury trial demand within 30 days after the filing of the initial pleading or within 15 days after the filing of the first pleading of an opposing party.[8] "If a party fails to assert the right to a jury trial, the right shall be deemed waived and may not thereafter be asserted."[9] Kadel argues that the time for filing a demand had not begun to run because Sands's objection to his petition did not contain Sands's address and telephone number and thus was not properly filed. But Sands's pleading was accepted for filing by the probate court on May 2, 2007, and the record reflects that Kadel did not object to its filing until June 6, 2007, well after he knew of its filing. We are aware of no case — and Kadel cites none — in which a technical flaw in an objection to a petition served to expand the time in which a jury demand could be asserted. Because Kadel failed to file his jury trial demand within the statutorily appointed time frame, we affirm the trial court's denial of his demand for a jury trial.[10]

---

[5] See OCGA § 53-11-2; Uniform Probate Court Rule 23; see generally *Freeman v. Covington*, 282 Ga. App. 113, 116 (637 SE2d 815) (2006) (in will contest, if one of the beneficiaries is not sui juris, "an independent guardian ad litem must be appointed to represent that individual").

[6] See *Wise v. State*, 257 Ga. App. 211, 214 (2) (570 SE2d 656) (2002).

[7] See *Kohlhaas v. State*, 284 Ga. App. 79, 85 (2) (e) (643 SE2d 350) (2007) (" 'On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration.' ").

[8] See OCGA § 15-9-121 (a).

[9] Id.

[10] See *Delbello v. Bilyeu*, 274 Ga. 776, 777 (2) (560 SE2d 3) (2002).

3. Kadel argues that Judge Brown erred "in ruling on the motion for recusal and in appointing another judge to hear this case." But Kadel fails to show how he was harmed by Judge Brown granting him the relief he sought — her recusal. And Judge Brown did not appoint another judge to hear the case; it was reassigned by the clerk to another judge in the circuit. "Because harm as well as error must be shown to warrant reversal, this enumeration is without merit."[11]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 27, 2008.

*Mack & Harris, Robert L. Mack, Jr.,* for appellant.
*Talley, French & Kendall, Laura French, Michelle L. Chaudhuri, John E. Tomlinson,* for appellee.

---

[11] *Clark v. Stafford,* 239 Ga. App. 69, 74 (3) (522 SE2d 6) (1999).