S10A0267. SIMMONS et al. v. HARMS.
(695 SE2d 38)

BENHAM, Justice.

Harriet Harms executed a will on September 13, 2005, and died thirty months later on March 18, 2008, at age 93. In her 2005 will, she named her son, appellee Edward Harms, as executor of her

estate and devised to him the family homeplace. She left the remainder of her estate, consisting of a brokerage account and an unimproved parcel of land in Savannah, to be divided among her four daughters, two of whom are appellants/caveators Marie Simmons and Frances Stockton. The 2005 will revoked a 1976 will which distributed the decedent's estate equally among her five children and provided a life estate for her handicapped daughter in a small house on the property of the family homeplace. When appellee offered the 2005 will for probate in the Probate Court of Chatham County, appellants filed caveats alleging fraud, undue influence, and lack of testamentary capacity. After the probate court dismissed the caveators' demands for a jury trial, it conducted a two-day bench trial June 15-16, 2009, admitted the will for probate by entry of an order filed June 24, and issued an order on August 17 in which it granted the putative executor's June 9 motion for payment of expenses of probate pursuant to OCGA § 53-5-26. Appellants/caveators filed a notice of appeal on July 6 following the entry of the order admitting the will for probate and dismissing the caveats, and an amended notice of appeal on August 31, fourteen days after the entry of the order granting the motion for payment of expenses.[1]

1. Appellants contend the probate court erred when it denied as untimely their demands for a jury trial. OCGA § 15-9-121 (a) requires that a written demand for a jury trial in probate court be made "within 30 days after the filing of the first pleading of the party or within 15 days after the filing of the first pleading of an opposing party, whichever is later. . . . If a party fails to assert the right to a jury trial, the right shall be deemed waived and may not thereafter be asserted."

Appellee filed the petition for probate on May 12, 2008, including a notarized acknowledgment of service and an assent to probate instanter signed by appellant Frances Stockton. Appellant Stockton filed a purported revocation of her consent to probate on July 21, a verified caveat that included a demand for jury trial on July 25, and a motion to open default on August 13, made necessary by her July 25 caveat not being filed within ten days of the petition for probate. See OCGA § 15-9-86. Appellant Marie Simmons filed a caveat on May 30, fifteen days after the petition for probate was personally served on her, a jury demand on July 16 and, on July 24, a verified

---

[1] In light of the notice of appeal and the amended notice of appeal filed by caveators, we need not decide today which notice of appeal is the appropriate vehicle for invoking this Court's appellate jurisdiction. That is, we do not decide whether a judgment admitting a will to probate is a final judgment for purposes of appeal if, at the time of entry of the judgment, there is pending a putative executor's motion for payment by the estate of the executor's expenses of submitting a will for probate.

motion to open default since her May 30 caveat was filed five days late. The probate court exercised its discretion under OCGA § 15-9-47 and granted the motions to open default, thereby allowing the caveats. The probate court denied the requests for jury trial on the ground that neither request was filed timely under the statute, noting the demands had to have been filed by June 11, thirty days after appellee filed the petition for probate.

(a) The trial court erred when it stated written demands for a jury trial filed more than thirty days after the filing of the petition for probate were untimely. OCGA § 15-9-121 (a) provides that a written jury trial demand must be filed by the later of thirty days after the filing of the first pleading **of the party**, or within fifteen days after the filing of the first pleading **of an opposing party**. Thus, the statute provides for the filing of a timely demand for jury trial more than thirty days after the filing of the petition for probate.

(b) However, the probate court's misstatement does not affect the propriety of its denial of the jury demands as untimely. Appellant Simmons was required to file her jury demand by June 29, thirty days after she filed her first pleading, her caveat to probate in solemn form, on May 30.[2] Appellant Simmons contends her caveat cannot be considered her first pleading since the probate court did not allow the caveat until it granted the motion to open default in November. By opening default, the probate court excused the untimely-filed caveat's tardiness and permitted it to function as an objection to the probate of the will in solemn form. Opening default did not change the date on which the caveat was accepted for filing by the probate court. Consequently, the caveat was filed, albeit untimely, on May 30, making appellant Simmons's written jury demand due by June 29. Inasmuch as she did not file the demand for jury trial until July 16, her demand was untimely and the trial court did not err in denying it. See, e.g., *In re Estate of Sands-Kadel*, 292 Ga. App. 343 (2) (665 SE2d 46) (2008) (jury trial demand was properly denied as untimely because technical flaw in opposing party's caveat, his first pleading that was accepted for filing by the probate court, did not expand the time within which a timely jury demand could be made).

(c) Appellant Stockton contends her first pleading was filed on July 21, which would authorize the filing of a timely jury demand by August 20.[3] However, appellant Stockton's first filing was on May 12,

---

[2] Simmons filed her first pleading on May 30; thirty days after that filing was June 29. The first pleading of the opposing party (appellee propounder) was filed May 12; fifteen days after that filing was May 27. June 29 being later than May 27, appellant Simmons had to file her jury demand by June 29.

[3] Thirty days after Stockton's alleged first filing on July 21 would be August 20, which is later than fifteen days after the opposing party's first filing on May 12 (May 27).

when her written and notarized acknowledgment of and assent to the petition for probate was filed with the petition for probate.

> Except as otherwise prescribed by law, the written consent of a party to the granting of any relief or the entry of any order sought in a proceeding . . . shall constitute a[n] . . . answer admitting all allegations of fact set forth in the petition as true and correct, and consent to the granting of the relief or the order sought.

OCGA § 53-11-6 (b). Under the statute, appellant Stockton's written and notarized assent to the probate of her mother's 2005 will constituted an answer, a pleading. Consequently, her written demand for a jury trial had to be filed by June 11, making untimely her demand filed on July 25. Thus, the probate court did not err when it denied her demand for jury trial as untimely.

2. Appellants contend the probate court used the wrong legal standard in reaching its conclusion that appellants did not establish that the will was the product of appellee's undue influence on the testatrix. Appellants maintain the probate court's order does not reflect that it presumed undue influence on the part of appellee because a confidential relationship existed between him and the testatrix as a result of her execution of a durable power of attorney to appellee before she executed her will. Appellants further assert there was insufficient evidence to rebut the presumption of undue influence and therefore their caveats should have been sustained.

A will is invalid "if anything destroys the testator's freedom of volition, such as . . . undue influence whereby the will of another is substituted for the wishes of the testator." OCGA § 53-4-12. "A rebuttable presumption of undue influence arises when a beneficiary under a will occupies a confidential relationship with the testator, is not the natural object of [the testator's] bounty, and takes an active part in the planning, preparation, or execution of the will." *Bailey v. Edmundson*, 280 Ga. 528 (1) (630 SE2d 396) (2006).

> A confidential relationship is one where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another. . . . In order to give rise to the rebuttable presumption . . . , the evidence must show a confidential relationship wherein the primary beneficiary was capable of exerting the power of leadership over the submissive testator. [Cits.]

(Citations and punctuation omitted.) *Holland v. Holland*, 277 Ga. 792, 793-794 (596 SE2d 123) (2004). One who is found to have held

a confidential relationship with the testator may exercise influence to obtain a benefit, with that influence becoming what the law regards as undue when it gives dominion over the will to the extent that the testator's free agency is destroyed or the testator is constrained to do against his will what he is unable to refuse. Id. at 793. Upon the introduction of evidence of circumstance which causes the presumption of undue influence to arise, the burden to produce evidence rebutting the presumption shifts to the propounder. *Horton v. Hendrix*, 291 Ga. App. 416, 418 (662 SE2d 227) (2008) (citing *Trustees &c. v. Nisbet*, 191 Ga. 821, 840 (14 SE2d 64) (1941)). It is for the trier of fact to determine whether a confidential relationship exists and whether someone has exerted undue influence over a testator, and the trier of fact's determination will be affirmed if there is any evidence to support it. *Trotman v. Forrester*, 279 Ga. 844, 845 (621 SE2d 724) (2005).

The probate court found that appellee lived with the testatrix when she executed her will but was not present when the will was executed; that appellee had discussed with the testatrix his receiving the homeplace; that there was no evidence the testatrix was isolated by appellee as she was in frequent contact with her family, friends, and neighbors before and after she executed the will and discussed its contents with several of them; and that the attorney who prepared the will testified the testatrix was competent and executed the will voluntarily. While the probate court's order does not contain the phrase ''rebuttable presumption,'' the order noted that the influence exerted by one in a confidential relationship with the testator must be such that it ''give[s] dominion over the will to such an extent as to destroy free agency, or constrain[s] one to do against his will what he is unable to refuse'' (*Holland v. Holland*, supra, 277 Ga. at 793), and the probate court found that appellee's conduct did not constitute the influence to render the will invalid because

> [t]here was no evidence to support a finding that the testatrix was deprived of her free agency such that the will of the Propounder was substituted for her own will, that she was constrained or coerced into doing that which her own best judgment told her not to do, nor that such influence operated upon her at the moment of execution.

In essence, the probate court's finding that there was no evidence of undue influence is also a finding that the propounder carried his burden of rebutting the presumption of undue influence. We conclude that the probate court used the appropriate legal standard to resolve the case.

3. Lastly, appellants contest the probate court's decision autho-

rizing appellee/executor to pay from the decedent's estate his expenses, including attorney fees, of $24,136.41 incurred in the probate of the decedent's will. OCGA § 53-5-26 provides that

> [u]pon petition to the probate court, a person named as an executor in a purported will of a decedent shall be entitled to recover from the estate of the decedent the expenses incurred in offering the will for probate . . . including reasonable attorney's fees, provided the person proceeded in good faith. The probate court shall determine whether the person proceeded in good faith and the amount of the expenses. . . .

The probate court found that appellee, as the nominated executor, had proceeded in good faith and that the fees and expenses charged by his attorneys were reasonable. Appellants maintain the probate court was without jurisdiction to enter the order since appellants had filed a notice of appeal six weeks before the filing of the order authorizing the estate to pay appellee's expenses, and that it was error to grant the executor's motion because he did not meet the statutory requirement that he had "proceeded in good faith."

(a) OCGA § 5-6-46 (a) provides that a notice of appeal filed in a civil case serves as supersedeas upon payment of all costs in the trial court.

> "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment." [Cits.] "Under this rule, the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment. . . ."

*Tanner v. Wilson*, 184 Ga. 628, 633-634 (192 SE 425) (1937). The trial court's order, issued pursuant to OCGA § 53-5-26, permitted the executor to have the estate pay expenses, including reasonable attorney's fees, incurred by the executor in the probate of the will and while acting in good faith. It was neither based upon nor related to the carrying into effect of the judgment now on appeal. Therefore, it was not prohibited by the supersedeas imposed by the filing of the initial notice of appeal. See *Intl. Images v. Smith*, 181 Ga. App. 543, 544 (352 SE2d 846) (1987).

(b) Appellants, by virtue of their amended notice of appeal, contend the trial court erred when it authorized payment by the estate of appellee's expenses because appellee did not act in good faith as is statutorily required. Pointing to inconsistencies in appel-

lee's deposition and trial testimony, appellants contend appellee perjured himself and therefore could not have acted in good faith. The statutory "good faith" requirement has been construed as requiring the nominated executor to have had reasonable grounds for believing the propounded will to be valid and operative. See *Sauls v. Estate of Avant*, 143 Ga. App. 469, 475-476 (238 SE2d 564) (1977). Should the propounded will be rejected on the ground it was procured by the fraud or undue influence of the nominated executor, such a finding would indicate bad faith on the part of the executor and would prevent the executor from recovering from the estate pursuant to OCGA § 53-5-26 the expenses related to the cost of submitting the purported will for probate. Id. See also *Pate v. Wilson*, 286 Ga. 133, 136 (686 SE2d 88) (2009). Since there was evidence appellee had reasonable grounds to believe the will he propounded was valid and operative and the trial court found no evidence of any undue influence affecting the testatrix in the execution of the propounded will, much less undue influence of appellee on the testatrix, the probate court did not err when it authorized payment by the estate of appellee's expenses in probating the will.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Oliver, Maner & Gray, Timothy D. Roberts*, for appellant.
*Gannam, Gnann & Steinmetz, J. Hamrick Gnann, Jr.*, for appellee.