# Court of Appeals
# of the State of Georgia

ATLANTA,__April 30, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15E0025. TMX FINANCE HOLDINGS, INC. et al. v. DRUMMOND FINANCIAL SERVICES, LLC et al.

The appellees ("the SMR Companies") have moved for reconsideration of our April 3, 2015 order granting TMX Finance Holdings, Inc. and the other appellants's ("TitleMax") emergency motion to stay (i) the trial court's February 26, 2015, order disqualifying TitleMax's trial counsel (the "Disqualification Order"), and (ii) the trial court's March 30, 2015 order requiring that TitleMax identify substitute counsel by April 3, 2015. The SMR Companies contend that reconsideration is appropriate because this Court overlooked controlling authority which would require a different result. See Court of Appeals Rule 37 (e). For the reasons that follow, we vacate our April 3, 2015 order.

In the Disqualification Order, the trial court found that TitleMax's trial counsel, Greenberg Traurig, LLP ("GT"), was in an ongoing attorney-client relationship with Select Management Resources, LLC and its affiliates, which included the SMR Companies, when GT undertook to represent TitleMax in defense of the SMR Companies' claims. The trial court ruled that GT had a duty to the SMR Companies and could not continue to represent TitleMax in the litigation. The trial court therefore granted the SMR Companies' motion to disqualify GT, and it ordered that TitleMax should report to the trial court "in thirty (30) days as to its efforts to secure substitute counsel in the matter."

This Court granted TitleMax's application for interlocutory appeal from the Disqualification Order on March 30, 2015. On the same day, the trial court issued an order requiring TitleMax to identify substitute counsel by April 3, 2015. TitleMax

filed its notice of appeal from the Disqualification Order and the March 30, 2015 order in the trial court on March 31, 2015. The parties agree that supersedeas took effect on April 2, 2015, when, following its filing of the notice of appeal, TitleMax paid costs in the trial court. See OCGA §§ 5-6-34 (b) and 5-6-46.

TitleMax filed its "Rule 40 (b) Emergency Motion, Related to April 3, 2015 5:00 P.M. Deadline," in this Court (the "Emergency Motion") at approximately 6:00 p.m. on April 2, 2015. TitleMax argued, among other things, that their notice of appeal served as supersedeas of the Disqualification Order, and that the trial court had no jurisdiction to enforce the Disqualification Order or the March 30, 2015 order, and had not ruled on TitleMax's motion in the trial court to stay proceedings. Therefore, TitleMax maintained, it was "faced with the Hobson's Choice of either potentially violating a court order or replacing their chosen trial counsel." This Court granted TitleMax's request that the Disqualification Order and the March 30, 2015 order be stayed pending appeal.

> Our Supreme Court has held that
>
> when a supersedeas is in effect . . . the efficacy of a verdict or judgment is suspended. *It has no retroactive effect*, so as to deprive a verdict or judgment of its force and authority from the beginning, but only suspends the same thereafter and while it is effectual. Hence *what is lawfully done before the supersedeas is granted or becomes effective is valid and stands*, but anything done thereafter is unauthorized and must be set aside.

(Emphasis supplied.) *Tanner v. Wilson*, 184 Ga. 628, 634 (192 SE 425) (1937). See *Avren v. Green*, 289 Ga. 186, 190-191 (6) (710 SE2d 130) (2011) (Supersedeas of a notice of appeal "deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.") (citation and punctuation omitted). It follows that, as the SMR Companies show, the supersedeas in this case did not preclude the Disqualification Order from taking

effect.

It is true, as TitleMax contends, that "the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment[.]" (Citation and punctuation omitted.) *Simmons v. Harms*, 287 Ga. 176, 181 (3) (a) (695 SE2d 38) (2010). TitleMax suggests that the executory portion of the Disqualification Order, which requires that it identify substitute counsel within 30 days, cannot be enforced. It appears, however, that the trial court intended that GT be immediately disqualified and to then cease acting as TitleMax's counsel, because it could not continue do so consistently with the Georgia Rules of Professional Conduct, and that TitleMax be afforded a reasonable time to secure new counsel. By allowing GT to continue to represent TitleMax during the pendency of the appeal, our order granting emergency relief altered, rather than maintained, the status quo.

The SMR Companies' motion for reconsideration is GRANTED. Our order of April 3, 2015, is VACATED. TitleMax's Emergency Motion is DENIED.



*Court of Appeals of the State of Georgia*

     *Clerk's Office, Atlanta,____4/30/2015_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*