TrippE, Judge.
1. If William J. Mealing has an interest in the lot levied on, unaffected by any claim for deduction on account of the advancement made to him, as provided by the will, could he have that interest, say one-fifth, set apart or assigned to him by any process known to the law, without reference to the “other property of the estate” which has not been administered? He may have an undivided one-fifth in the whole property, this lot included. But if 'the debts of the estate be all paid, and it may be so presumed after the lapse of over thirty years, could he set up a demand for a partition of his one-fifth interest in any particular part of the unadministered property of the estate? The rights of the other legatees or devisees might require that the whole estate should be sold, or that it should be divided in kind by lot. This particular portion, an interest in which is levied on, might constitute one share to be so assigned, and in the drawing to which the parties may be entitled, it might fall to one of them and not to William J. To allow an undivided interest of a legatee or devisee in any one portion of the property of an estate to be sold under a judgment *against such legatee or devisee would defeat, without any fault on the part of the others, the right they have to a distribution in kind. To illustrate this, and the injustice of it: suppose a testator’s estate consists of five lots of land, four of them appraised at $500 00 each, and one at $400 00. Fie bequeaths them to his five children. The value of the interest of each child is $480 00. The children, and each of them, are entitled to have a partition, or a division in kind. The commissioners could, and probably would, make five dir visions of the land, and counting one lot, say number one, at $400 00, make each other share or lot pay number one $20 00, and thus make all equal, by a distribution in kind. Each devisee is entitled to have such a division, unless it be held, on investigation, to work injustice or damage, and in the case given it would be simple, cheap and just. Now, if a judgment creditor of one of the children could levy on and sell his interest, say one-fifth, in one of the lots, it would operate so as to fix that portion-or interest in that particular lot in the purchaser at the sheriff’s sale, *449 and thus defeat such a distribution, or so encumber and complicate it as to seriously affect the rights of all the other devisees.
2. It is not denied that where one part of a will is in conflict with another part, the last provision is to prevail. This is so, when the conflict is such, that by no fair or reasonable construction, both provisions can stand. There is no such conflict in the two items in this will, so far as concerns the estate created in Airs. Clarke. The last of the two items does limit the trustees to two of the executors, and it thereby abrogates that part of the preceding item which includes the husband as one of the trustees. But it cannot be seriously doubted, that taking the two together, an estate in trust was created for the sole and.separate use of Mrs. Clarke, an estate not liable for the debts of her husband. It is not necessary to decide whether the children of Mrs. Clarke take as purchasers, or whether an inheritable estate vested in her. The children are not parties to the cause and no judgment would bind them. I refer to Dudley et al. vs. Porter, 16 *Georgia, 614, as illustrative of the principle, that words in a latter clause of an instrument — a deed — may serve to' explain and modify those used in, a former clause. In that case, under the rule, “that where in a deed, two clauses are in irreconcilable contradiction, the first shall prevail.” The Court below held that the words in the first part of the deed imported an intention to create an estate tail, and thereby vested a fee simple in the donee, Maria Dudley, while the latter gave her only a life estate; and as the two were thus repugnant the first, must prevail. But this Court, on reviewing the case, held that the% whole was to be taken together in construing the intention of the! grantor .in the use of the words in the first clause, that the latter clause might be explanatory of, and not repugnant to, the former, and decided that though the words used in the first clause created an estate tail, etc., yet, by reason of the words in the latter clause, the former were construed to convey only a life estate. If a subsequent clause in a deed may thus aid in the construction of a preceding clause, with equal reason may one item in a will assist in ascertaining the meaning of a testator in a subsequent provision in the same will, on the same subject matter as is provided for in that first item.
Judgment reversed.