27935. STRICKLAND et al. v. TRUST COMPANY OF GEORGIA et al.

UNDERCOFLER, Justice. This litigation involves the construction of the will of Frank A. Strickland. The testator was survived by his widow and four minor

children. His estate is valued at approximately $1,350,000. It consists of approximately 13% real property, 1% tangible personal property and 86% intangible personal property.

This joint appeal by the trustees, the children, unborn grandchildren, and unknown heirs, is from the construction by the trial court of certain items of the will. *Held:*

1. The trial court held that all of the personal property both tangible and intangible was devised to the wife under Item II of the will which provided: "I give, devise and bequeath to my wife, Miriam Miller Strickland, my automobiles, and all of my other personal property."

Appellants contend that Item II of the will should be construed as disposing only of automobiles and personal effects of the testator or, in the alternative, automobiles and tangible personal property. It is argued that the testator's will is comprehensive, clearly intends that the bulk of the testator's estate was to be placed in various trusts that he had established to insure financial security for his wife and children after his death as well as to avoid excessive estate taxes and to contingently provide for grandchildren. It is contended that the trial court's decision virtually disinherits the children and makes nullities of said trusts.

In *Blakeman v. Harwell,* 198 Ga. 165, 175 (6, 7) (31 SE2d 50) this court said: "Courts have frequently held that the words 'personal property' are susceptible of two meanings: one, the broader, including everything which is the subject of ownership, except lands and interest in lands; the other, more restricted, oftentimes embracing only goods and chattels. In ascertaining from the entire will, and the surrounding cir-cumstances, what the intention of the testator was by the use thereof, it has not infrequently been ruled

that the term 'personal property' did not include money, notes, and choses in action. [Cits.] It was said in Bills v. Putnam [64 NH 554 (15 A 138)] that it is at least doubtful whether the term 'personal property' is generally understood to include money, notes, and choses in action, and that in its popular meaning it is commonly applied to goods and chattels. Several of the cases cited above discuss the reason for the holding that in some instances those words should not be construed to include money, stocks, and bonds, and similar intangibles. If to give it the more restricted meaning would give effect to all the provisions of the will, such rendition will be adopted; if, to give it the broader meaning, other items of the will would be impossible of execution. . . Having demonstrated that the words, 'my personal property,' do not necessarily mean intangibles also, we have but to apply a few well-known rules to the will itself, in the light of the surrounding circumstances, to be satisfied that as here used they were intended in a restricted sense, and that the trial court correctly decreed that they were used by the testatrix in the sense of tangible personal property. The intention of the testator is to be sought by looking to the whole will, and not to detached parts of it. *Cook v. Weaver,* 12 Ga. 47. Effect should be given to the entire will and to every part of it, if possible. *Brown v. Weaver,* 28 Ga. 277; *Rogers v. Highnote,* 126 Ga. 740 (56 SE 93). All the provisions of the instrument will be harmonized wherever possible so as to give effect to every provision therein. *Robertson v. Johnston,* 24 Ga. 102; *Tyler v. Theilig,* 124 Ga. 204, 207 (52 SE 606)."

The will in this case consists of eighteen items. Most of them are concerned with establishing two trusts, one for the widow, and one for the minor children with contingent provisions for grandchildren. From a reading of the entire will it is obvious that the testator intended to devise the major portion of his estate to

trustees to manage and preserve for his heirs but at the same time designing such trusts so as to receive full benefit of the marital deduction for estate tax purposes. To hold that Item II devising to the widow "my automobiles, and all my other personal property" includes intangible personal property virtually disinherits the minor children and renders superfluous the expressions of the will intending to qualify the widow's trust for the marital deduction. The estate consists of 86% intangible personal property. If the widow receives this property plus half of the real estate, only a small fraction of the estate is left in trust for the four minor children. We can not reasonably conclude that the testator intended such a distribution particularly in view of the elaborate trust provisions contained in the will. Furthermore, there would have been no reason for qualifying the widow's trust for the marital deduction since such a gift of intangible personal property would have exhausted it. In our opinion it is clear that the testator intended to devise to his widow his automobile and other tangible personal property. It must be presumed that the testator was aware of the general nature of his estate. His tangible personal property is an insignificant part of his estate and in all likelihood consists of automobiles, household goods, and more or less personal items. There is nothing indicating a contrary intention in the will and we conclude therefore that the testator in Item II of his will devised to his widow all tangible personal property. However, it is our opinion and we conclude that the testator intended that his intangible personal property be included in that portion of his estate which he disposed of by the trusts which he established. As stated in *Blakeman v. Harwell,* 198 Ga. 165, 179, supra, to include intangible personal property under Item II of the will "would throw the entire will out of joint." Accordingly we hold

that Item II devises to the widow only tangible personal property and not intangible personal property. The construction of the trial court is reversed.

2. Item III (a) of the will devised to the widow in trust "one-half (1/2) of my estate after deducting debts and expenses of administration and any amount allowed by law for the support of my dependents during the period of administration, but before deducting any estate or inheritance tax and before deducting any other legacy or devise contained in this will. . ."

The trial court held that the phrase in this item providing that "any amount allowed by law for the support of my dependents during the period of administration" referred to a year's support described in Code §§ 113-1002 to 113-1006, that said Code sections provide clear and definite standards for the determination of a proper year's support, and that said phrase was not vague and ambiguous.

Appellants argue that the amount of the year's support is impossible to ascertain until the heirs entitled thereto have made application for it and until an award has been made, therefore, the trust must fail because the corpus is not definitely ascertainable from the facts existing at the time of the creation thereof.

We do not agree. The trial court was correct in its findings on this issue. Compare *Hayes v. Hay,* 92 Ga. App. 88 (1) (88 SE2d 306).

3. Item VI grants to the trustees the power of encroachment on the corpus of any trust created thereunder solely for the benefit of the beneficiaries of that particular trust. The trial court held that this applied independently to the marital trust for the wife and the trust for the children and that the trustees could not encroach on one trust for the beneficiaries of the other.

We agree with the trial court's interpretation of this

item. To hold otherwise would deprive the widow of the marital trust deduction under the federal estate tax law. It is obvious from reading the entire will that the testator sought to secure the marital trust deduction for his widow.

4. Item XVI provides: "With the consent of the trustees the trusts created hereunder may be terminated at any time, and the entire property thereof shall forthwith be distributed to my living grandchildren and surviving issue of deceased grandchildren in equal shares, per stirpes. This power of termination shall be exercised by the trustees only in the event of the imposition of additional and onerous taxes or other undue burden which might cause the continued existence of the trust to be unwise financially."

The trial court held that the powers of termination contained in this item were too vague and indefinite to have any meaning and that it was impossible to define what powers were granted the trustees thereby and on what conditions such powers were granted. The court found that said item was a mere nullity. The trial court further found that although this item was a nullity, the use of the word "trusts" in the item was a typographical error since Item III of the will clearly provided for the needs of the wife during her lifetime, giving her the power to dispose of the property in said trust by her will, and also the right to turn over to the descendants of the decedent all of the property in said trust.

We hold that the testator did not intend to defeat the marital deduction, which would be allowed the widow, by including her trust in Item XVI. The trial court correctly decided that Item XVI only applied to the trust for the children established in Item IV of the will. In our opinion, however, the provision is not too vague and indefinite to be effective for the termination of the trust for the benefit of the grandchildren.

This ruling is therefore affirmed in part and reversed in part.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MAY 15, 1973 — DECIDED JUNE 21, 1973.

*McLane & Dover, H. Arthur McLane, John N. Peeples,* for appellants.

*Hansell, Post, Brandon & Dorsey, Howard O. Hunter, James H. Landon, John H. Boman, Jr., Tillman, Brice, McTier & Coleman, John T. McTier,* for appellees.