### 28060. RISER v. TRUST COMPANY OF GEORGIA et al.

UNDERCOFLER, Justice. The Trust Company of Georgia filed a proceeding for direction and construction of the will of Edward Albert Riser. Item 2 of the will provides: "I give, devise and bequeath unto my mother, all the income from all stocks that I may own, for and during her life. At her death, then all the income shall go to my son, Robert B. Riser of Decatur, Georgia. Should my son marry, his wife and children shall receive said stocks. Should my son not marry, and is not in life at my death, then said stocks shall go to my sisters, Mrs. Louise Riser Emmons

and Mrs. Devereux Riser Bacon, Jr., of Tampa, Florida. I give, devise, bequeath and appoint the Trust Company of Georgia, as Trustee upon the uses and trusts hereinafter set out." The rest and residue of the property was then given to a named sister. Robert B. Riser has never been married.

Guardians ad litem were appointed to represent the interest of possible descendants of Robert B. Riser, a possible future wife, and the mother of the testator, an incompetent person.

The trial court found that Item 2 of the will created a trust of which the Trust Company of Georgia is the named trustee; that income from said trust should be paid to the testator's mother until her death, and then the income should be paid to Robert B. Riser, the testator's son, until his death; that upon the death of Robert B. Riser, the trust should then terminate and the corpus thereof should be paid over to his wife and children, should he be then married or have children surviving; and that should Robert B. Riser not be married at his death, nor have children surviving, then the trust estate remaining should be paid over to the testator's named sisters.

Robert B. Riser appeals to this court from the construction of the will. *Held:*

1. The appellant contends that no express trust was created by the will since Item 2 names the trustee "upon the uses and trusts hereinafter set out" and no uses and trusts are "hereinafter set out" in the will, and because the will does not transfer any specific property to the trustee.

Code § 108-102 provides: "No formal words are necessary to create a trust estate. Whenever a manifest intention that another person shall have the benefit of the property is exhibited, the grantee shall be declared a trustee."

Item 5 of the will gives the trustee certain powers. Item 7 of the will directs the trustee to continue to hold such property in trust for any such minor until he or she becomes 21 years of age and if necessary to use the income or corpus of the property for the support and education of any such minor.

The item of the will naming the trustee is Item 2 which devises the stock of the testator. All the rest and residue of the property was disposed of by another item of the will to a named person. It is clear therefore that the testator intended to create a trust in "all stocks that I may own."

The trial court properly held that a trust was created by the will and that the appellee was the named trustee.

2. The cardinal rule of construction is to ascertain the intention of the testator from the four corners of the will. Effect should be given to the entire will and to every part of it, if possible. All the provisions of the instrument will be harmonized wherever possible so as to give effect to every provision therein. *Strickland v. Trust Company of Ga.,* 230 Ga. 714 (1) (198 SE2d 668).

Item 2 of the will provides for a life estate in the mother of the testator in all the income from the stock owned by the testator. At the death of the mother of the testator, the will provides that all the income therefrom should go to his son, Robert B. Riser. The will also provides that should his son marry, his wife and children would receive said stock, but if he should not marry and was not in life at the death of the testator, then the stock would go to the testator's named sisters.

(a) The appellant son contends that the will devised to him a fee simple remainder interest in the estate after the death of the testator's mother. This contention does not comport with the provisions made for a possible wife and children or with the provision that on his death without wife or children, the stock would go to the testator's named sisters.

(b) The trial court properly found that the appellant son was entitled only to the trust income from the property during his life after the death of the testator's mother.

(c) The trial court properly found that should the son not be married at his death or have children surviving him, then the trust estate would go to the testator's named sisters.

It follows that the trial court did not err in construing the will of the testator and in ascertaining his intentions from the whole will.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED OCTOBER 4, 1973.

*Gale W. Mull,* for appellant.
*Ware, Sterne & Griffin, Alton Hopkins,* for appellees.

