### 35663. BENNETT et al. v. LLOYD et al.

BOWLES, Justice.

Certain beneficiaries under the will of Gordon Bennett filed suit against the executors praying that the court construe certain language of the testator's will, to wit:

"I hereby will, bequeath and devise all the remainder of my property, both real and personal, of whatever kind and wherever situate, to my nieces and nephews, per stirpes. This is an individual gift to those nieces and nephews now in esse and is not a class gift."

At the time of the execution of the will the testator had one brother deceased and one sister living neither of whom had any children; he had one brother who was deceased and had one child living; he had one brother who was living who had one child only; he had one brother living who had four children and one brother living who had five children. There were, therefore, four sets of nieces and nephews. Two sets consisted of one each, one set consisted of four and one set consisted of five. All of the testator's nieces and nephews living at the date of execution of the will were living at the death of the testator.

In the trial court the plaintiffs-appellees contended that the eleven nieces and nephews should share equally, 1/11th each, the residue under the terms of the language of the will. The executors-appellants contended that the residue should be divided into four equal parts and that

two of the nephews should each receive one of the parts, that one part should be divided among four of the nieces and nephews of one family and that the remaining part should be divided among five of the nieces and nephews of the other family. The sole issue for decision there and here is whether the residue should be divided among the nieces and nephews according to family or per capita.

The trial court ruled that it was the clear intention of the will that the residue of the estate of the deceased be distributed in the manner contended by the plaintiffs; that is, eleven equal shares, with each niece and nephew to receive one equal share thereof. We agree and affirm.

The trial court had to decide what persons were to be regarded as the stirps or roots. In this case, as in all cases involving wills, after giving consideration to the recognized rules of testamentary construction, we must look to the intention of the testator. "General rules of construction must necessarily be considered, but previously adjudged cases may be of little authority and even dangerous to apply, and only cases which are in every respect directly in point and agree in every circumstance will afford much aid in determining the testator's intention." *MacGregor v. Roux,* 198 Ga. 520 (32 SE2d 289) (1944).

The testator here did not refer to the legatees as children of his brothers and sisters. Nieces and nephews are mentioned as primary legatees, with no reference to their parents. Therefore, we conclude that they are to be taken as the stirps. In accord, In re Ives' Estate, 161 Misc. 60 (291 NYS 981) (1936); Camden Safe Deposit & Trust Co. v. MacMullan, 112 N.J. Eq. 574, 577 (165 A 105) (1933). The testator, by using the language he did, showed an intention to treat all of his nieces and nephews living at the time of the execution of his will equally.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1980 — DECIDED APRIL 8, 1980 — REHEARING DENIED APRIL 29, 1980.

*Edward Parrish, Griffis & Thomas, Virgil D. Griffis,* for appellants.

*Perry & Franklin, W. S. Perry,* for appellees.