### 40930. TUCKER et al. v. BLACK.
(315 SE2d 910)

SMITH, Justice.

This case involves construction of the will of Jehu A. Smith, who died in 1955. Smith was survived by his widow, Ella, and two children, Hazel Tucker (appellant) and Clifton Smith, father of Brenda Black (appellee). Clifton Smith died in 1976, leaving Brenda Black as his only lineal descendant and heir. Ella Smith died in 1982 and in her will left all her property to Hazel Tucker. The controversy in this case arises over certain language in the will of Jehu Smith. Hazel Tucker sought a declaratory judgment that she was entitled, through her mother Ella's will, to a one-half interest in the farm land devised in Jehu's will to Ella and Clifton. Defendant Brenda Black's motion for summary judgment was granted and she was declared to be the owner in fee simple of the property at issue. Hazel Tucker brought an appeal to this court and we now affirm.

When Jehu Smith died, his will contained two sections which form the basis of the problem presented in this case. Section 3 of the will states: "I give bequeath and devise to my wife, Ella Smith and my son, Clifton Smith, the farm in Irwin County on which I live together with all my farm tools, machinery and equipment." Section 8 of the will states: "It is my desire and intention that the shares in my estate bequeathed to my said wife, Ella Smith, and my said son, Clifton Smith, consisting of real estate that I now own or may hereafter own at my death, shall be for the term of their natural lives only, and at the death of the survivor of them, it shall go to the children of my said son, Clifton Smith. This limitation shall be placed on my farming machinery and equipment." The trial court construed this language to effect the passing of the real property owned by Jehu Smith to Brenda Black in fee simple. We agree.

Section 3 of the disputed will may appear, when standing alone,

to devise to Clifton and Ella the contested property in fee simple absolute. However, section 8 clearly refers to this devise and modifies it to create only a life estate in Clifton and Ella, with the remainder to Clifton's children. These sections are obviously conflicting. In such a case "[t]he cardinal rule of construction is to ascertain the intention of the testator from the four corners of the will. Effect should be given to the entire will and to every part of it, if possible. All the provisions of the instrument will be harmonized wherever possible so as to give effect to every provision therein." *Riser v. Trust Co. of Ga.*, 231 Ga. 155, 157 (200 SE2d 756) (1973). Where a lesser estate is mentioned and clearly limits the conveyance of an absolute estate, it will be given effect. OCGA § 44-6-21. See *Watts v. Finley*, 187 Ga. 629 (1 SE2d 723) (1939).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1984.

*Jay, Sherrell, Smith & Croley, John E. Smith III,* for appellants. *Fred W. Rigdon, Jr.,* for appellee.