## S98A1134. CARY v. GUIRAGOSSIAN et al.
## S98A1139. SPARTAN MORTGAGE, INC. v. GUIRAGOSSIAN et al.
(508 SE2d 403)

THOMPSON, Justice.

Araz Guiragossian filed suit against R. Philip Cary to quiet title to a residential parcel of land located in Savannah, Georgia. Spartan Mortgage, Inc. (Spartan), the entity which sold Guiragossian the property, was also named as a defendant on theories of breach of warranty of title and warranty to defend title. In addition, Guiragossian sought attorney fees against all defendants. Cary counterclaimed for a determination of title in his favor and to eject Guiragossian from the property. On cross-motions for summary judgment, the trial court determined that Guiragossian held title to the property and awarded summary judgment in his favor. It also found that Guiragossian was entitled to attorney fees from Spartan in defending his title.

In Case No. S98A1134, Cary appeals from the entry of summary judgment in favor of Guiragossian; in Case No. S98A1139, Spartan appeals from the award of attorney fees to Guiragossian.

Guiragossian's claim of title emanates from a security deed given by the original owners, Benjamin and Retha Jenkins, in favor of Southern Finance Corporation. The security deed was assigned to a succession of banks. In late 1994, when the Jenkinses defaulted on the loan, the security deed was owned by Centerbank Mortgage Company. Centerbank commenced foreclosure proceedings, but then entered into an agreement to sell the note and deed to Spartan. Spartan paid Centerbank the agreed upon sum of $42,880.98, but for some unexplained reason, Centerbank failed to transfer, assign or deliver the note and security deed to Spartan. Nonetheless, in January 1995, Spartan foreclosed on the security deed given by the Jenkinses in 1979 to Southern Finance. Spartan, the purchaser at the foreclosure sale, sold the property to Guiragossian by warranty deed dated July 27, 1995. That warranty deed, which was recorded on the following day, conveyed fee simple title, and also guaranteed

that Spartan "will warrant and forever defend the right and title . . . against the claims of all persons whomsoever." Guiragossian took possession of the property and remained in possession during the course of these proceedings.

Cary's claim of title stems from a quitclaim deed from the Jenkinses in August 1995, which was recorded on August 21, 1995. Cary paid the Jenkinses $1,000, and agreed to pay an additional $8,000 in the event he were to sell the property for a profit.

Upon learning that Cary claimed title to the property, Guiragossian notified Spartan and requested that it defend title pursuant to the language of the warranty deed. When Spartan failed to respond to his demand, Guiragossian instituted the present action in November 1995.

During the pendency of the litigation, Spartan filed a separate, related action against Cary, Guiragossian, and Centerbank, seeking an order compelling Centerbank to assign the security deed to Spartan. The trial court granted Spartan's request for relief and on January 8, 1997, ordered Centerbank to assign and deliver the note and deed so as to correct the defect in the prior foreclosure. It dismissed Cary as a party to that action for insufficiency of service of process, and lifted a stay in the present suit.

Thereafter, Centerbank transferred, assigned and delivered the note and security deed to Spartan, and Spartan published notice that it would sell the property at a foreclosure sale. Cary sought, but was denied, a restraining order preventing the foreclosure. Spartan again foreclosed on the property on August 5, 1997; Guiragossian was the purchaser at foreclosure.

Cary then amended his answer in the main action and asserted a cross-claim to set aside the foreclosure. Finally, Spartan and Cary filed cross-motions for summary judgment with respect to Cary's attempt to set aside the foreclosure.

In its final order, the trial court determined that Spartan's second foreclosure was valid and that Spartan had thereafter conveyed the property in fee simple to Guiragossian. It accordingly awarded summary judgment to Guiragossian on the issue of title. The court further awarded summary judgment to Guiragossian on the issue of Spartan's obligation for attorney fees.

### Case No. S98A1134

1. Cary asserts that Spartan's second attempt to foreclose on the property was ineffective because it did not hold fee simple title and was not owed a debt on the note and security deed, having previously transferred away its interest to Guiragossian after the first foreclosure. We do not agree.

The first foreclosure deed was invalid because there had been no execution of a transfer and assignment of the security deed and promissory note by Centerbank to Spartan. See *Jones v. Phillips*, 227 Ga. App. 94 (488 SE2d 692) (1997); Pindar & Pindar, Ga. Real Estate Law & Procedure (4th ed.), § 19-84. Therefore, Spartan could not validly exercise a power of sale contained in the security deed. The defect in the first foreclosure was corrected by the proper foreclosure of the security deed after Centerbank had validly transferred and assigned it in writing. Title was then vested in Guiragossian, the purchaser at the second foreclosure sale, by virtue of the foreclosure deed. Pindar, § 21-89.

2. Although Cary asserts that he is not bound by the judgment in the related lawsuit because he was dismissed as a party to that action, he accepted the court's findings concerning the defective first foreclosure throughout the course of this litigation. And, as the trial court acknowledged, the issue he now raises "was addressed in the temporary restraining order that the court held at Cary's behest." Thus, there is no factual basis for Cary's characterization of the first foreclosure — that Spartan, acting on behalf of the Jenkinses, accepted payment and considered the debt extinguished. Instead, Cary is bound by the trial court's findings throughout this litigation that the debt was not extinguished at the first foreclosure.

3. Cary contends that the foreclosure should be set aside because Spartan did not exercise the power to foreclose fairly. In this regard, he asserts that he tendered funds to Spartan to satisfy the debt, but that tender was rejected. The trial court rejected Cary's characterization as a tender of funds to satisfy the debt, finding instead that the amount offered "was, in effect, an offer to settle the lawsuit . . . that Cary never paid off the debt deed, nor did he tender payment."

In support of his position, Cary points to a facsimile transmission sent by him to other interested parties offering a specified sum "to settle this case." Instead of raising a disputed issue of fact, that document of record supports the court's finding that Cary did not tender payment to satisfy the debt. Cary has not shown that the power to foreclose was exercised unfairly and that the foreclosure should be set aside on that basis.

### Case No. S98A1139

4. Relying solely on the language contained in Spartan's warranty deed to Guiragossian — that "grantor will warrant and forever defend the right and title . . . against the claims of all persons"[1] —

---

[1] This provision is standard language in a deed conveying general warranty of title. See Pindar, § 28-19.

the trial court awarded summary judgment on the issue of attorney fees against Spartan for Guiragossian's defense of title to the property.[2]

As a general rule, an award of attorney fees and expenses of litigation are not available to the prevailing party unless authorized by statute or contract. See generally *Walker v. Walker*, 266 Ga. 414 (1) (467 SE2d 583) (1996). Under OCGA § 44-5-66, the measure of damages in an action for breach of warranty is limited to the purchase money plus interest. Accord *Teems v. City of Forest Park*, 137 Ga. App. 733 (2) (225 SE2d 87) (1976) (OCGA § 44-5-66 "provides the full measure of [a warrantee's] legal damages."). This statutory measure of damages "is a uniform rule, easy of comprehension and proof." *Smith v. Smith*, 243 Ga. 56, 57 (252 SE2d 484) (1979). See also *Taylor v. Allen*, 131 Ga. 416 (4) (62 SE 291) (1908); Pindar, §§ 19-169, 19-172. Thus, there is no authorization for an award of attorney fees under OCGA § 44-5-66, nor is there a specific contractual provision for attorney fees contained in the warranty deed.

5. Guiragossian's complaint also included a prayer for attorney fees under OCGA § 13-6-11. In a suit to recover damages on a breach of warranty the plaintiff is not entitled to recover attorney fees under OCGA § 13-6-11 for prosecuting the action where the defendant is not stubbornly litigious or caused the plaintiff unnecessary trouble and expense, and where there is "no allegation of fraud or deceit, or that [defendant] acted in bad faith." *Smith v. Williams*, 117 Ga. 782, 783 (4) (45 SE 394) (1903); *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.*, 86 Ga. App. 442, 445 (71 SE2d 670) (1952), overruled on other grounds in *Teems v. City of Forest Park*, supra at 743. Therefore, "[u]nless the defendant was guilty of deceit or fraud in the sale of the property, or acted in bad faith as respects the existence of [an incumbrance] on the property when she sold it, the plaintiff can not, in a suit to recover damages for a breach of the warranty, recover attorney's fees for prosecuting the action." *Pone v. Barbre*, 57 Ga. App. 684, 691 (3) (196 SE 287) (1938). And a mere refusal to defend title pursuant to a general warranty deed will not necessarily give rise to a claim for attorney fees. Id. Thus, it is only logical that a warrantor should not be called upon to defend every vague, unsubstantiated challenge to title, since a contrary rule would result in unnecessary litigation in the defense of title to property which is not actually threatened.

---

[2] Guiragossian's alternative claim for breach of warranty was obviously rendered moot by the award of title in his favor. "Title defects are not actionable as a breach of warranty unless the grantee 'has been compelled to yield to such title, or that he is in a situation requiring him to do so presently, as a matter of legal duty.'" Pindar & Pindar, supra at § 19-174, fn. 3.

The evidence of record establishes that Spartan was placed on notice of Cary's claim to the property, whereupon Guiragossian demanded that Spartan defend title pursuant to the warranty deed. At that point, no action had been taken to acquire paramount title or divest Guiragossian of his title. Although Spartan initially failed to comply with Guiragossian's specific demand, after it had been put on notice of the defective assignment from Centerbank, it instituted the proceeding to compel assignment and delivery of the security deed and promissory note. And upon obtaining that deed, Spartan foreclosed on the property, thereby thwarting Cary's attempt to upset Guiragossian's title. This evidence does not establish that Spartan acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense and does not authorize an award of attorney fees under OCGA § 13-6-11.

Accordingly, we reverse the award of attorney fees.

*Judgment affirmed in Case No. S98A1134; judgment reversed in Case No. S98A1139. All the Justices concur.*

DECIDED NOVEMBER 2, 1998 —
RECONSIDERATION DENIED NOVEMBER 23, 1998.

*Clark & Clark, Fred S. Clark,* for appellant (case no. S98A1134).

*Wallace & Tetreault, Victor J. Tetreault,* for appellant (case no. S98A1139).

*Painter, Ratterree & Bart, Sarah B. Akins,* for appellees.