## S09A1105. PATE v. WILSON.
### (686 SE2d 88)

MELTON, Justice.

Mildred Green Pate ("Pate") appeals the trial court's determination that her inheritance under the will of her husband, Waddell Pate ("Decedent"), must be reduced by attorney fees and litigation expenses incurred by Decedent's estate. The expenses were incurred by the estate in order to prove at trial and on appeal that Pate and her son, Aaron Green, exerted undue influence over Decedent with regard to the inter vivos transfer of several parcels of real estate located in North Carolina. For the reasons set forth below, we reverse.

The facts underlying this litigation are set forth in the appeal of the North Carolina undue influence trial, *Wilson v. Green*, 185 N.C. App. 544 (648 SE2d 577) (2007). There, in an unpublished opinion, the North Carolina Court of Appeals found:

> [Decedent] had three children with his first wife prior to their divorce in 1961, plaintiffs Polly Wilson and Lydia Dugan, and a son who pre-deceased him. Decedent married defendant Mildred Green ("Mrs. Pate") in 1968. Mrs. Pate had two children from a previous marriage, Lamonie Green and defendant Aaron Green ("Green"). Decedent and defendants lived in Augusta, Georgia prior to decedent's death.
>
> Decedent owned 1.19 acres of beach-front property in Carolina Beach, New Hanover County, North Carolina ("property"). The property had been owned by his family since the 1930's. Green contacted a surveyor, Sherwin Cribb, in February of 2000, requesting that the property be surveyed and subdivided into three lots. The survey was completed on 29 February 2000, and the property was subdivided. Green also contacted an attorney, Jim Snow, and requested he prepare a deed of gift for one of the lots transferring ownership from decedent to Green. On 30 March 2000 one of the three lots, lot number two, was transferred by deed from decedent to Green. The deed was signed by decedent at Mr. Snow's office, and in the presence of both defendants. Green contacted Mr. Snow again on 24 July 2000, requesting that he prepare deeds conveying Tract 1 to Mrs. Pate, and Tract 3 to Green. Mr. Snow prepared the deeds without any discussion with decedent, and mailed them to Augusta, Georgia. On 30 July 2001, one of the remaining two lots was transferred to Green, and the other to Mrs. Pate. Decedent died testate on 22 February

2002. Decedent's will named Bank of America as executor, but it declined to serve in that capacity. Plaintiff Polly Wilson and Mrs. Pate both applied to be appointed as administratrix of the estate. Ms. Wilson was named administratrix of decedent's estate in a contested proceeding in Richmond County, Georgia.

This action was originally instituted as a declaratory judgment action by defendants. Plaintiffs counterclaimed seeking to set aside the conveyances of the three lots based upon undue influence. The declaratory judgment action was voluntarily dismissed, whereupon the designations of plaintiffs and defendants were reversed. This matter came on for trial before Judge Cobb at the 18 July 2005 session of court. A jury returned a verdict in favor of plaintiffs on 28 July 2005. The trial court entered judgment on 9 August 2005, setting aside the deeds to the three lots.

Id.

After setting forth these facts, the North Carolina court went on to find that the jury's determination that Pate and Green had exerted undue influence over Decedent was supported by the evidence, including testimony that, days before his death, Decedent stated that Green was trying to take his beach property but that he would not succeed.

Following the North Carolina appeal, Pate filed the present action seeking a declaratory judgment that she was entitled to a full share of her bequest under Decedent's will and that this bequest could not be offset or reduced by the expenses of the undue influence litigation.[1] Pate based her arguments on Item IV (d) of the will, which states: "This bequest to my wife shall not be reduced by any expenses of administration of my estate, and any inheritance, transfer, legacy or succession taxes or death duties, either estate or federal." Wilson responded by filing a motion for summary judgment, contending that the litigation expenses should be deducted from Pate's share because they were incurred as a result of Pate's wrongdoing. The trial court granted Wilson's motion based on the principle that one should not profit from his or her own wrongdoing. Pate now appeals this ruling.

OCGA § 53-4-55 provides: "In the construction of all wills, the court shall seek diligently for the intention of the testator and shall give effect to such intention as far as it may be consistent with the

---

[1] After making a number of specific bequests of property, Item IV of Decedent's will divides the residuary estate into four equal parts – one for Pate and each of Decedent's three children.

rules of law." Pursuant to this standard, Item IV (d) cannot be interpreted, as Pate argues, as an intent by Decedent to wholly immunize Pate for committing wrongful acts of undue influence against him which would ultimately defeat his testamentary intent. To the contrary, it is clear from Decedent's inclusion of an in terrorem clause in his will that he wished to keep his testamentary plan inviolate.[2] He did not intend to allow his beneficiaries to undermine his testamentary scheme with immunity. Pate's argument to the contrary

> assumes that [Decedent] intended to pass his property on to [Pate] in spite of [her] wrongdoing. However, [Decedent could not have been aware] of the [undue influence] that was foisted upon him by [Pate]. Furthermore, it seems specious for the perpetrators of [undue influence] against a decedent to argue that the decedent's rights under the probate code will be violated unless the perpetrators receive their [full] share under a will created by a decedent who was not aware of the wrongdoing that had been committed against him [when he created an exemption for ordinary expenses of the estate].

*In the Matter of the Estate of Walter O'Keefe*, 1998 SD 92 (1) (583 NW2d 138) (1998). Therefore, although Item IV (d) exonerates Pate's share from ordinary and usual expenses of the estate, it cannot be said to exonerate her share from expenses of the estate caused by her own acts of undue influence and malfeasance which undermine the intent of the testator by diminishing the ultimate value of his estate.[3]

Absent some provision in the will or statutory authority, however, it does not follow that Pate's share may be automatically charged with the *entire* amount of the expenses of litigation and attorney fees. In general, attorney fees are recoverable only as a matter of contract or statute. *Cary v. Guiragossian*, 270 Ga. 192 (4) (508 SE2d 403) (1998). In this case, although there is an in terrorem clause, there is no provision in the will indicating that any beneficiary's share must be wholly responsible for administration fees, including litigation costs and attorney fees, resulting from that

---

[2] Although the in terrorem clause does make an exception for Pate and allows her to initiate legal proceedings to contest the will, it does not allow, endorse, or immunize acts of undue influence by any beneficiary, including Pate.

[3] Pate's actions violated Decedent's testamentary intent in two ways. First, she removed property from the estate which Decedent intended to pass pursuant to his will, and, second, she reduced the overall value of the estate after the property was returned by causing the estate to incur attorney fees in order to right Pate's act of undue influence.

party's wrongdoing. There is also no statutory basis for charging attorney fees directly against the share of a wrongdoing beneficiary. As a result, there is no authority for holding Pate wholly responsible for the attorney fees related to the undue influence litigation. Rather, Pate's share under the Will must suffer the same diminution in value as all other shares after the estate is reduced by the payment of fees as a cost of administration. See OCGA § 53-7-6 (4) (power of personal representative to provide counsel for estate).

Neither OCGA § 53-4-68 nor the public policy underlying *Sauls v. Estate of Avant*, 143 Ga. App. 469 (238 SE2d 564) (1977) alters this result. OCGA § 53-4-68 (a) provides: "Conditions in a will that are impossible, illegal, or against public policy shall be void." Decedent's bequest to Pate is not subject to any condition at all. It is an outright gift that is neither subject to a condition precedent prior to vesting or to a condition subsequent which would divest the gift, other than the conditions imposed on all beneficiaries under the will by the in terrorem clause.[4] *Sauls v. Estate of Avant*, supra, is also inapplicable to this case. *Sauls* stands for the rule that a finding of fraud or undue influence in the procurement of a will by an executor prevents that executor from recovering attorney fees relating to the cost of having the purported will submitted for probate as provided for in OCGA § 53-5-26. *Sauls*, therefore, is factually distinguishable from the present matter, and, unlike *Sauls*, there is no statutory basis for the recovery of attorney fees here.

*Judgment reversed. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Thompson, J., who concur in part and dissent in part.*

HUNSTEIN, Chief Justice, concurring in part and dissenting in part.

The majority draws a distinction between "ordinary expenses," which it holds cannot be deducted from Pate's share of Decedent's estate, and "extraordinary expenses," which may be so deducted. Maj. Op. at 134. However, Decedent's will provides that his bequest to Pate "shall not be reduced by *any* expenses of administration of [his] estate." (Emphasis supplied.) This provision clearly encompasses both ordinary and extraordinary expenses.

I concur in the reversal of the trial court's ruling that Pate's share of Decedent's estate is wholly responsible for expenses related to the undue influence litigation. However, given the language of the will cited above, I must respectfully dissent to the majority's conclu-

---

[4] We do not reach the issue of whether the other beneficiaries under the will have any action against Pate for diminution of their shares as a result of Pate's acts of undue influence.

sion that Pate's share is responsible for any portion of such fees.

I am authorized to state that Presiding Justice Carley and Justice Thompson join in this concurrence in part and dissent in part.

DECIDED OCTOBER 5, 2009 —
RECONSIDERATION DENIED NOVEMBER 9, 2009.

*Allgood & Mehrhof, Thomas F. Allgood, Jr.*, for appellant.
*James B. Wall, James W. Ellison*, for appellee.