S11A0777. STEWART v. RAY.

(715 SE2d 79)

NAHMIAS, Justice.

Appellant Opal Ray Stewart challenges the probate court's declaratory judgment interpreting her father's will to require equal distribution of his personal property and residual estate among his eight children. For the reasons that follow, we affirm.

1. In 1989, Willie Ray, Sr. ("Ray Sr."), was injured in a truck accident for which a settlement was reached in 1995 that included monthly payments of $7,639.62 for 20 years. Stewart was appointed as his conservator. Ray Sr. died testate on December 26, 2006. His will named Stewart as executrix. In September 2007, she instructed the insurance company to deposit Ray Sr.'s annuity payments directly into her personal account to the exclusion of her seven siblings.

In December 2007, Stewart finished the conservatorship and was released of her duties. In 2009, her sister, appellee Brenda Ray ("Ray"), challenged the conservatorship discharge on due process grounds. The DeKalb County Probate Court rejected Ray's challenge, and this Court affirmed that ruling. See *Ray v. Stewart*, 287 Ga. 789 (700 SE2d 367) (2010).

In February 2010, Ray filed this action in the Fulton County Probate Court seeking a declaratory judgment interpreting Items III

and IV of Ray Sr.'s will. Item III reads in relevant part as follows:

A. All of my household furniture, furnishings, paintings, objects of art, books, pictures, silverware, jewelry, clothing and other such personal effects, I give, devise and bequeath to my eight (8) children, per stirpes, to be distributed among my children as and in the manner my Executor, in his or her sole discretion, determines to be fair and reasonable. . . . In the event that any person to whom a particular item of personal property is to be left should predecease me, or does not desire to receive such item, such item shall either become a part of my residuary estate or shall be distributed as my Executrix determines, using her best judgment, which shall be binding on all of my heirs and beneficiaries.

Item IV reads as follows:

All the rest, residue and remainder of my property, I give, devise and bequeath to my eight (8) children, per stirpes, at the discretion of my Executor, to be divided among them as and in the manner in which my Executor in his or her sole discretion determines to be fair and reasonable. If any of my children do not survive me, his or her share of my property shall pass to his or her lineal descendants, if any, per stirpes. If a child predeceases me without leaving lineal descendants, his or her share shall pass to my surviving children.

Ray also moved to temporarily suspend the annuity payments until the declaratory judgment was issued. Ray attached a February 2010 annuity payment history showing that the payments made directly to Stewart following Ray Sr.'s death amounted to $282,665.94, and she alleged that the future annuity payments would total $481,296.06. The probate court suspended the annuity payments until further order. After a non-evidentiary hearing, the court ruled in favor of Ray, finding that Ray Sr. intended for his eight children to share his personal property and residual estate equally under Items III and IV of the will. Stewart appealed.

2. The primary objective in will interpretation is to ascertain the testator's intent. See OCGA § 53-4-55; *Hood v. Todd*, 287 Ga. 164, 166 (695 SE2d 31) (2010). To discover that intent, "[t]he court must look first to the 'four corners' of the will," and "[w]here the language of a will is clear . . . and can be given legal effect as it stands, the court will not, by construction, give the will a different effect." *Hood*, 287 Ga. at 166 (citations and punctuation omitted). Although the parties agree that the document is unambiguous, they differ in their

interpretations of Items III and IV. Stewart argues that as executrix, she was granted sole discretion to distribute Ray Sr.'s estate, unequally if she so chose, and the "per stirpes" terms only ensured that if she determined that one of Ray Sr.'s children should receive part of the estate and that child was deceased, the property would pass to that child's heirs. Ray interprets "per stirpes" to require equal distribution among the eight siblings, with the discretionary language in Items III and IV granting Stewart authority only as to the manner of distribution (that is, deciding which furniture, silverware, and other items to distribute to each sibling to make their overall shares equal).

*Bennett v. Lloyd*, 245 Ga. 706 (267 SE2d 3) (1980), required this Court to construe a provision in a will using "per stirpes" language that is essentially the same as that used by Ray Sr. There, the testator left the remainder of his estate "to [his] nieces and nephews, per stirpes." Id. Because the testator did not refer to his nieces and nephews "as children of his brothers and sisters," which would have meant that the nieces and nephews would have stood in the place of their parent if the parent were deceased, we concluded that they were "primary legatees" and were "to be taken as the stirps." Id. at 707. We held that the testator, by using this language, intended to leave equal shares of his estate to each niece and nephew. See id. Effectively, then, the testator in *Bennett* expressed the intent that his multiple primary legatees take as individuals and not by right of representation, and we have stated that under such circumstances the primary legatees take a "per capita" or equal share. See *McGregor v. Roux*, 198 Ga. 520, 521 (32 SE2d 289) (1944). Here, Ray Sr. used nearly identical language, "to my eight (8) children, per stirpes," to identify his children as the primary legatees. As with the *Bennett* will, we conclude that Ray Sr.'s will indicates that each primary legatee receives an equal share of the relevant property and that a deceased primary legatee's descendants would then represent her, taking her representative per capita share.

Ray Sr.'s intent to treat his children equally is confirmed by his repeated use of the term "share" in Item IV, which indicates that he intended for each child to get one. Stewart's interpretation would allow her to use her unbridled discretion to give the entire estate to herself (as she had done with the annuity payments), leaving seven of the eight "per stirpes" legatees with no "share" at all. An interpretation that gives meaning to every word or clause of a will prevails over one that renders some part meaningless. See *Tucker v. Black*, 253 Ga. 46, 46-47 (315 SE2d 910) (1984). The probate court's correct interpretation retains meaning for "per stirpes" and "share" as well as the executor's "discretion," as the executor would still have (and need) discretion to divide the non-fungible items of

personal property and the residual estate equally among the eight children.

3. Stewart contends that the probate court erred in ruling that she acted beyond her discretion in her distribution of the assets to date. We find no error, because under the correct interpretation of Items III and IV of the will, Stewart did not have the discretion to distribute the bulk of the estate to herself to the exclusion of her seven siblings.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*William F. Rucker*, for appellant.
*Caldwell & Watson, Harry W. MacDougald, Jeremy M. Moeser, Floyd E. Propst III, Stanley M. Lefco, John S. Olczak*, for appellee.