S13A0119. NORTON et al. v. NORTON et al.

(744 SE2d 790)

HINES, Justice.

Lisa Norton ("Lisa") and Beth Simmons ("Beth") filed a caveat to the will of their father, Charles Powell Norton ("Charles"), claiming undue influence. The caveat was rejected, and on appeal, this Court affirmed. *Simmons v. Norton*, 290 Ga. 223 (719 SE2d 421) (2011). Thereafter, Lisa and Beth (collectively "Appellants") filed a declaratory judgment action to determine what effect the will's in terrorem clause had upon their rights under the will, and now appeal the trial court's order declaring that their rights under the will are completely extinguished.

In addition to Lisa and Beth, Charles had two sons, Charles N. Norton ("Nick") and Samuel P. Norton ("Samuel"). Under Charles's will, a house in Lakeland, Georgia, was bequeathed to Lisa, another house in Lakeland was bequeathed to Beth, and a farm in Lanier and Lowndes Counties, Georgia, was to be equally divided between Nick and Samuel; any vehicle Charles owned at the time of his death, as well as all of his fishing tackle and firearms, was left to a named grandson, funds in his checking account were to be divided between his three grandchildren, and the residue of his property was to be divided equally between his four children. The will's in terrorem clause provides, in pertinent part:

Should any taker under this will, including any taker under powers of appointment exercised herein become an adverse party in a proceeding for its probate, such takers shall forfeit his or her entire interest hereunder and such interest shall pass as part of the residue of my estate, provided, however,

that if such taker is one of the takers of the residue, his or her interest shall be divided proportionately among the takers of the residue.

In response to Appellants' declaratory judgment action, Samuel, as executor and individually, moved for summary judgment, contending that the in terrorem clause extinguished any and all interests the Appellants had under the will; after a hearing, the trial court granted the motion.

Appellants contend that the trial court's reading of the in terrorem clause is incorrect and that, although the clause may eliminate their specific devises of real property, it does not affect their ability to inherit under the residuary clause, i.e., that they remain members of the residuary class.

> The primary objective in will interpretation is to ascertain the testator's intent. See OCGA § 53-4-55; *Hood v. Todd*, 287 Ga. 164, 166 (695 SE2d 31) (2010). To discover that intent, "[t]he court must look first to the 'four corners' of the will," and "[w]here the language of a will is clear . . . and can be given legal effect as it stands, the court will not, by construction, give the will a different effect." *Hood*, 287 Ga. at 166 (citations and punctuation omitted).

*Stewart v. Ray*, 289 Ga. 679, 680 (2) (715 SE2d 79) (2011).

And, the language of the will is clear. A challenge to the will's probate by one named as a taker under the will results in the forfeiture of the "entire interest" that taker would otherwise have under the will.[1] Such forfeiture necessarily includes any interest under the residuary clause, and to find otherwise would render the term "entire interest" meaningless. The in terrorem clause makes it clear that Charles did not intend to allow his beneficiaries to attempt "to undermine his testamentary scheme with immunity." *Pate v. Wilson*, 286 Ga. 133, 135 (686 SE2d 88) (2009). The clear intent is that the interest of any contesting beneficiary be forfeited and pass through the residuary clause, and, as is now the case, if the contesting beneficiary is a member of the residual class, the interest of the contesting beneficiary be divided among those members of the residual class who did not contest probate. See *Cox v. Fowler*, 279 Ga. 501, 503

---

[1] There is no dispute that filing the caveat rendered Appellants adverse parties in a proceeding for the will's probate. Compare *Sinclair v. Sinclair*, 284 Ga. 500, 502 (2) (670 SE2d 59) (2008).

(614 SE2d 59) (2005). Accordingly, the trial court did not err in granting summary judgment.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 2013.

*Smith, Gilliam, Williams & Miles, Roger B. Hatcher, Jr., Keith J. Whitaker,* for appellants.

*Elliott, Blackburn & Gooding, Walter G. Elliott II, Inglesby, Falligant, Horne, Courington & Chisholm, Carrie H. Bacon,* for appellees.

---

[2] As the in terrorem clause is plain and unambiguous, the Appellants' remaining enumeration of error regarding parol evidence is moot. See *Reynolds v. Harrison,* 278 Ga. 495, 498 (2) (604 SE2d 184) (2004).